UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW JACKSON,<br>　　Plaintiff(s),<br>v.<br>UNICITY INTERNATIONAL, INC., et al.,<br>　　Defendant(s). | Case No. 2:25-cv-00738-GMN-NJK<br><br>**Order**<br><br>[Docket No. 29] |

Pending before the Court is Defendant Anytime Labor's motion to stay discovery pending resolution of its motion to compel arbitration. Docket No. 29; *see also* Docket No. 28 (motion to compel arbitration). Plaintiff filed a response in opposition. Docket No. 33. Anytime Labor filed a reply. Docket No. 39. The motion is properly resolved without a hearing. *See* Local Rule 78-1.[1]

A stay pending resolution of a motion to compel arbitration is warranted when it is potentially dispositive, it can be decided without discovery, and there is a reasonable possibility or probability that the district judge will compel arbitration. *Arik v. Meyers*, 2020 WL 515843, at *1-2 (D. Nev. Jan. 31, 2020) (citing *Shaughnessy v. Credit Acceptance Corp. of Nev.*, 2007 WL 9728688, at *2-3 (D. Nev. Nov. 28, 2007)). Courts frequently stay discovery pending resolution of a motion to compel arbitration. *See, e.g.*, *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017

---

[1] A motion to stay discovery is, at bottom, a motion for protective order brought pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See, e.g.*, *Flynn v. Nev.*, 345 F.R.D. 338, 346 n.13 (D. Nev. 2024). Plaintiff is correct that a prefiling conference is required. *See, e.g.*, Local Rule 26-6(c). Nonetheless, the parties are clearly at an impasse and there is no point in denying this motion without prejudice just so that it may be refiled. The Court in its discretion declines to enforce the prefiling conference requirement in the circumstances of this case. *Cf. V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 & n.3 (D. Nev. 2019).

WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases). The circumstances here justify a stay of discovery.[2]

Accordingly, the motion to stay discovery is **GRANTED**. In the event the motion to compel arbitration is not granted, an amended joint proposed scheduling order must be filed within 14 days of resolution of the motion to compel arbitration.[3]

IT IS SO ORDERED.

Dated: August 5, 2025

                                                                          _____
                                                                          Nancy J. Koppe
                                                                          United States Magistrate Judge

---

[2] The Court finds that there is a reasonable possibility or probability that the district judge will compel arbitration. Conducting the preliminary peek can put a magistrate judge in an awkward position and is not intended to prejudice the outcome of the underlying motion. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). As such, the Court will not provide herein discussion of the merits of the motion to compel arbitration.

[3] A stay of discovery is generally limited to the discovery impacted by the underlying dispositive motion. *See Tradebay*, 278 F.R.D. at 602 ("the pending motion must be potentially dispositive of the entire case or *at least dispositive on the issue on which discovery is sought*" (emphasis added)). As a corollary, discovery is generally not stayed as to defendants that did not file or join the underlying dispositive motion. *White v. Am. Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989). The stay imposed herein applies only to Anytime Labor and does not apply to Defendant Unicity International. *See Galaxia Elecs. Co. v. Luxmax, U.S.A.*, 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017).

2