Karyn M. Taylor, Esq.
Nevada Bar No. 6142
Taylor A. Buono, Esq.
Nevada Bar. No. 15513
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
Telephone:    702.862.8800
Fax No.:        702.862.8811
kmtaylor@littler.com
tbuono@littler.com

Attorneys for Defendant
UNICITY INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW JACKSON, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>UNICITY INTERNATIONAL, INC., a Delaware Corporation; ANYTIME LABOR, L.L.C., a Nevada limited liability company,<br><br>        Defendants. | Case No. 2:25-cv-00738-GMN-NJK<br><br>**STIPULATION AND [ORDER] TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND REQUEST]** |

Plaintiff Matthew Jackson and Defendant Unicity International, Inc., through their respective counsel, hereby stipulate to amend the Scheduling Order, (ECF No. 37), by extending the outstanding discovery deadlines for a period of ninety (90) days under LR IA 6-1, 6-2, and LR 26-3.

This is the second request for an extension to the Scheduling Order in this matter. The requested extension is sought in good faith and not for purposes of undue delay. This request is timely under LR 26-3 as it is submitted at least twenty-one (21) days or more before each discovery deadline set forth below.

Defendant notes there is a Motion to Dismiss pending before the Court and that at this time, Defendant has not answered the Complaint. Plaintiff notes there is a Motion to Compel Arbitration

pending before the Court at this time (ECF No. 28), and that discovery has been stayed with respect to Defendant Anytime Labor L.L.C. while the Motion is pending. (ECF No. 41).

### DISCOVERY COMPLETED TO DATE

The Parties have exchanged the following discovery:

- Defendant Unicity served its initial disclosures on August 7, 2025. Defendant's initial disclosures contained 6 pages of documents.

- Plaintiff served his initial disclosures on August 7, 2025. Plaintiff's initial disclosures contained 67 pages of documents.

- Defendant served written discovery requests to Plaintiff on September 8, 2025, including Interrogatories and Requests for Production of Documents.

- Plaintiff responded to the Interrogatories and Requests for Production of Documents on October 14, 2025. On October 14, 2025, Plaintiff also served his First Supplemental Disclosure of Witnesses and Documents. Plaintiff's supplemental disclosure contained an additional 3 pages of documents.

- Plaintiff served written discovery requests to Defendant on October 28, 2025, including Interrogatories and Requests for Production of Documents.

- Following meet and confer efforts, Plaintiff served Supplemental Responses to the Interrogatories and Requests for Production of Documents on November 26, 2025. In conjunction with the supplemental responses served on November 26, 2025, Plaintiff also served a Second Supplemental Disclosure pursuant to FRCP 26(e) as well as a proposed Stipulated Protective Order for counsel's review and consideration. Plaintiff's supplemental disclosure contained an additional 92 pages of documents.

- On November 19, 2025, Plaintiff served a notice of deposition of Defendant's Rule 30(b)(6) corporate representative(s) and set the deposition(s) for December 16, 2025. The parties have engaged in ongoing meet and confer efforts concerning the topics, including attending conferences on November 19, 2025, December 8, 2025, January 8, 2026, and January 12, 2026.  Plaintiff served a revised notice of deposition, with additional topics, which will require further meet and confer efforts.  On December 1,

2025, Defendant served its answers to Plaintiff's Interrogatories and responses to Plaintiff's requests for production of documents. Defendant also served its First Supplemental Initial Disclosures. The parties have engaged in ongoing meet and confer efforts regarding Defendant's responses to Plaintiff's Interrogatories and Requests for Production of Documents, and Plaintiff is awaiting supplementation of the written discovery.

- Defendant served its Third Supplemental Disclosure of Witnesses and Documents on December 9, 2025.
- Defendant served its Fourth Supplemental Disclosure of Witnesses and Documents on December 15, 2025.
- On December 17, 2025, Plaintiff conducted the deposition of Roger Edmonson.
- The deposition of Defendant's 30(b)(6) corporate representative is scheduled on January 28, 2026. However, due to an unforeseen family medical crisis of the 30(b)(6) designee, Defendant is requesting to reschedule this deposition.
- On January 21, 2026, Defendant served its Fifth Supplemental Disclosure of Witnesses and Documents.

The Parties have been diligent in their efforts to conduct written discovery and are continuing to supplement disclosures and discovery responses in accordance with the Federal Rules of Civil Procedure and as part of meet and confer efforts of the parties.

### DISCOVERY THAT REMAINS TO BE COMPLETED

Plaintiff intends to conduct the depositions of the following witnesses: (1) Defendant's FRCP 30(b)(6) witness(es), (2) Sergio Vilchis, (3) Julio Aguirre, and (4) Martin Aguirre. Plaintiff initially requested defense counsel's availability to schedule the depositions of the witnesses on November 3, 2025. Plaintiff also requested the depositions of the FRCP 30(b)(6) witness(es) for Defendant. The parties engaged in extensive meet and confer efforts concerning the proposed FRCP 30(b)(6) topics, as well as extensive meet and confer efforts on other written discovery matters, which remain ongoing. The 30(b)(6) deposition is currently scheduled for January 28, 2026 with additional meet and confer efforts concerning the revised deposition notice served on January 20, 2026. The parties intend to

schedule the remaining depositions Plaintiff requests once Defendant is able to provide availability for those witnesses. Defendant has identified a 30(b)(6) designee and is working to prepare the designee. Unfortunately, at the end of December, the designee's daughter passed away due to medical illness. The designee has been busy handling family matters. The parties therefore respectfully request an extension of 90 days to allow for more time for the designee to attend to family matters before turning to focus on deposition preparation.

On November 19, 2025, counsel for the parties met and conferred about Plaintiff's responses to Defendant's initial set of written discovery. Following meet and confer efforts on Plaintiff's written discovery responses, Plaintiff provided supplemental responses to Defendant's first set of written discovery on November 26, 2025. Plaintiff provided a draft Stipulated Protective Order to Defendant on November 25, 2025, and Defendant responded on January 22, 2026. The parties continued to engage in meet and confer efforts related to Plaintiff's medical provider, tax returns, and production of texts and emails. These matters are almost fully resolved, though Defendant asserts that additional production of texts and emails may remain outstanding. Counsel for the parties are conferring regarding whether the electronic discovery resources available from Plaintiff's counsel's firm are acceptable, and hope to resolve the dispute shortly.

On January 12, 2026, counsel for the parties met and conferred about Defendant's responses to Plaintiff's initial set of written discovery. Among other issues, Defendant has not produced copies of the video surveillance that Mr. Edmonson testified he reviewed before reaching his decision to no longer request the services of Mr. Jackson. Defense counsel requested one to two weeks to determine whether it will be producing video surveillance. Plaintiff engages in potential motion practice related to spoliation of the video surveillance. Plaintiff is awaiting supplemental responses from Defendant regarding the first set of written discovery.

Plaintiff also intends to conduct discovery and depositions with respect to Defendant Anytime Labor L.L.C.'s documents and witnesses once the Court rules upon the Motion to Compel Arbitration.

## REASONS FOR EXTENSION TO COMPLETE DISCOVERY

This extension is necessary as Defendant's 30(b)(6) designee has been handling a family medical crisis brought about because the designee's daughter passed away in late December 2025. The

designee has been busy attending to family matters. Defendant respectfully requested to reschedule the designee's deposition to allow additional time to focus on his family before turning to preparation for a Rule 30(b)(6) deposition. Plaintiff's counsel agreed. Given the upcoming discovery cutoff deadline of February 20, 2026, the parties respectfully request a 60-day extension of time to allow for sufficient time to re-schedule the deposition and conduct all remaining discovery. The parties have been diligent in communicating with each other on several meaningful meet and confer efforts concerning written discovery and the 30(b)(6) topics. Due to the extenuating circumstances of a death in the witness's immediate family and additional meet and confer efforts on the revised notice served this week, the parties will be unable to complete that deposition prior to the discovery deadline. Additionally, Defendant notes that its Motion to Dismiss remains pending and Defendant has not yet filed an answer. Further, Plaintiff notes that discovery is stayed as to Defendant Anytime Labor, L.L.C. while the Motion to Compel Arbitration is pending, and Plaintiff is not able to conduct discovery with respect to that party until the Motion to Compel Arbitration is decided. Accordingly, the parties believe that, absent any unforeseen circumstances, all necessary discovery can be accomplished by the requested deadline. Good cause exists to extend all deadlines in order to permit the parties to achieve their respective stated discovery goals.

### PROPOSED SCHEDULE FOR COMPLETING REMAINING DEADLINES

|  | Current Deadline | Proposed New Deadline |
|---|---|---|
| Amend Pleadings and Add Parties | Expired | **Expired** |
| Initial Expert Disclosures | Expired | **Expired** |
| Rebuttal Expert Disclosures | November 21, 2025 | **Expired** |
| Discovery Cut-Off | February 20, 2026 | **May 21, 2026** |
| Dispositive Motions | March 23, 2026 | **June 22, 2026 (the 90th day falls on a Sunday)** |
| Pretrial Order | April 21, 2026 | **July 20, 2026 (If dispositive motions are filed, the deadline shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.)** |

LITTLER MENDELSON, P.C.
8474 Rozita Lee Ave
Suite 200
Las Vegas, Nevada 89113
702.862.8800

**EXTENSIONS OR MODIFICATION OF THE DISCOVERY PLAN AND SCHEDULING ORDER**

In accordance with Local Rule 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made at least twenty-one (21) days prior to the expiration of the subject deadline.

Dated:  January 22, 2026

GREENBERG GROSS LLP


*/s/ Marian L. Massey*
Jemma E. Dunn, Esq.
Matthew T. Hale, Esq.
Marian L. Massey, Esq.

Attorney for Plaintiff
MATTHEW JACKSON

Dated: January 22, 2026

LITTLER MENDELSON, P.C.


*/s/ Taylor A. Buono*
Karyn M. Taylor, Esq.
Taylor A. Buono, Esq.

Attorneys for Defendant
UNICITY INTERNATIONAL, INC.


**IT IS SO ORDERED.**


Dated:  January 23, 2026


_____
UNITED STATES MAGISTRATE JUDGE